IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DR. DAVID GEORGE, doing business as HAMMOND PET HOSPITAL, on behalf of plaintiff and the class members defined herein,<br><br>       Plaintiff,<br><br>       v.<br><br>PRODUCT SLINGSHOT, INC., THINK 3D/PRELUDE, INC. doing business as FORECAST 3D, and JOHN DOES 1-10,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT – CLASS ACTION

## MATTERS COMMON TO MULTIPLE COUNTS

### INTRODUCTION

1.  Plaintiff Dr. David George, doing business as Hammond Pet Hospital, brings this action to secure redress for the actions of defendants Product Slingshot, Inc., and Think 3D/Prelude, Inc., doing business as Forecast 3D, in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), and the Indiana Deceptive Consumer Sales Act, Ind. Code §24–5–0.5–1 et seq. ("IDCSA").

2.  The TCPA and IDCSA expressly prohibit unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

1

## PARTIES

3. Plaintiff Dr. David George is an individual who has offices in Hammond, Indiana, where he maintains telephone facsimile equipment. He does business as Hammond Pet Hospital.

4. Defendant Product Slingshot, Inc., is a California corporation that has offices at 2221 Ruther Road, Carlsbad, CA, 92008.

5. Defendant Think 3D/Prelude, Inc., is a California corporation that has offices at 2221 Ruther Road, Carlsbad, CA, 92008.

6. Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below. Plaintiff does not know who they are.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. §§1331 and 1367. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

8. Personal jurisdiction exists in that defendants:

   a. Have committed tortious acts in Indiana by causing the transmission of unlawful communications into the state.

   b. Have transacted business in Indiana.

9. Venue in this District is proper for the same reason.

## FACTS

10. On or about June 20, 2018, Hammond Pet Hospital received the unsolicited fax advertisement attached as <u>Exhibit A</u> on its facsimile machine, promoting defendants' services.

11. Discovery may reveal the transmission of additional faxes as well.

12. The fax refers to a web address, Forecast3D.com, which is registered to Product Slingshot, Inc. (<u>Exhibit B</u>).

13. Forecast3D.com states that the business is operated by Corey Weber and Donovan

2

Weber (Exhibit C).

14. Corey Weber and R. Donovan Weber conduct business via Product Slingshot, Inc., and Think 3D/Prelude, Inc. (Exhibit D).

15. Defendants Product Slingshot Inc., and Think 3D/Prelude Inc., are responsible for sending or causing the sending of the fax.

16. Defendants Product Slingshot Inc., and Think 3D/Prelude Inc., as the entities who products or services were advertised in the fax, derived economic benefit from the sending of the fax.

17. Defendants Product Slingshot Inc., and Think 3D/Prelude Inc., either negligently or wilfully violated the rights of plaintiff and other recipients in sending the faxes.

18. Plaintiff had no prior relationship with defendants and had not authorized the sending of fax advertisements to plaintiff.

19. On information and belief, the fax attached hereto was sent as part of a mass broadcasting of faxes.

20. The fax does not contain an "opt out" notice that complies with 47 U.S.C. §227.

21. On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

22. There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes.  Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

## COUNT I – TCPA

23. Plaintiff incorporates ¶¶ 1-22.

24. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

25. The TCPA, 47 U.S.C. §227(b)(3), provides:

3

> **Private right of action.**
>
> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**
>
> > **(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
> >
> > **(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
> >
> > **(C)  both such actions.**
>
> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

26. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, plaintiff's statutory right of privacy was invaded.

27. Plaintiff and each class member is entitled to statutory damages.

28. Defendants violated the TCPA even if their actions were only negligent.

29. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

30. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons with facsimile numbers (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) were sent faxes by or on behalf of defendants Product Slingshot Inc., and Think 3D/Prelude Inc., promoting their goods or services for sale (d) where defendants do not have evidence of consent or an established business relationship prior to the sending of the faxes.

31. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

32. There are questions of law and fact common to the class that predominate over

4

any questions affecting only individual class members. The predominant common questions include:

      a.    Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

      b.    The manner in which defendants compiled or obtained their list of fax numbers;

      c.    Whether defendants thereby violated the TCPA;

33. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

34. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

35. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

36. Numerous courts have certified class actions under the TCPA. *Holtzman v. Turza,* No. 08 C 2014, 2009 WL 3334909 (N.D.Ill. Oct. 14, 2009), *aff'd in part, rev'd in part, vacated in part,* 728 F.3d 682 (7th Cir. 2013); *Ballard RN Center, Inc. v. Kohll's Pharmacy and Homecare, Inc.* 2015 IL 118644, 48 N.E.3d 1060; *American Copper & Brass, Inc. v. Lake City Indus. Products, Inc.*, 757 F.3d 540, 544 (6th Cir. 2014); *In re Sandusky Wellness Center, LLC*, 570 Fed.Appx. 437, 437 (6th Cir. 2014); *Sandusky Wellness Center, LLC v. Medtox Scientific, Inc.*, 821 F.3d 992, 998 (8th Cir. 2016); *Sadowski v. Med1 Online, LLC,* No. 07 C 2973, 2008 WL 2224892 (N.D.Ill. May 27, 2008); *CE Design Ltd. v. Cy's Crabhouse North, Inc.,* 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Systems, Inc. v. Preferred Chiropractic Center, Ltd.,* 679

5

F.Supp.2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Laboratory, Inc.,* No. 10 C 1315, 2010 WL 4074379 (N.D.Ill. Oct. 12, 2010); *Hinman v. M&M Rental Center, Inc.,* 545 F.Supp.2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC,* No. 08 C 3276, 2010 U.S.Dist. LEXIS 72902 (N.D.Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communications, Inc.,* No. 08-cv-4521, 2010 WL 744262 (N.D.Ill. Feb. 25, 2010); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La.App. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.,* 992 So.2d 510 (La.App. 2008); *Lampkin v. GGH, Inc.,* 146 P.3d 847 (Ok.App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.,* 203 Ariz. 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young,* 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.,* 293 Kan. 285, 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns, Inc.,* 306 S.W.3d 577 (Mo.App. 2010); *Lindsay Transmission, LLC v. Office Depot, Inc.,* No. 4:12-CV-221 (CEJ), 2013 WL 275568 (E.D.Mo. Feb. 24, 2013).

37. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a. Actual damages;

b. Statutory damages;

c. An injunction against the further transmission of unsolicited fax advertising;

d. Costs of suit;

e. Such other or further relief as the Court deems just and proper.

### COUNT II – INDIANA DECEPTIVE CONSUMER SALES ACT

38. Plaintiff incorporates ¶¶ 1-22.

39. IC §24-5-0.5-2(a)(1)(B) defines as a "consumer transaction" subject to the IDCSA

an "unsolicited advertisement sent to a person by telephone facsimile machine offering a sale, lease, assignment, award by chance, or other disposition of an item of personal property, real property, a service, or an intangible."

40. IC §24-5-0.5-3 defines as a "deceptive act" in violation of the IDCSA "(19) The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227."

41. "Supplier" is defined in IC §24-5-0.5-2(a)(3) as "A seller, lessor, assignor, or other person who regularly engages in or solicits consumer transactions, including soliciting a consumer transaction by using a telephone facsimile machine to transmit an unsolicited advertisement. The term includes a manufacturer, wholesaler, or retailer, whether or not the person deals directly with the consumer."

42. Defendants are a "supplier," in that they send unsolicited fax advertisements offering goods or services.

43. IC §24-5-0.5-4 authorizes actual damages or $500, whichever is greater, plus reasonable attorney's fees.   Statutory damages may be increased to $1,000 in the case of a willful violation.

44. Plaintiff is entitled to file suit under Fed. R. Civ.P. 23 without complying with notice requirements under state law. *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010); *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 345-46 (7th Cir. 1997).

45. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of loss of paper, ink, toner, memory, and time.

46. Defendants engaged in such conduct in the course of trade and commerce.

47. Defendants' conduct caused recipients of their advertising to bear the cost thereof.

## CLASS ALLEGATIONS

48. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Indiana  fax numbers (b) who, on or after a date 2 years

prior to the filing of this action, (c) were sent faxes by or on behalf of defendants Product Slingshot Inc., and Think 3D/Prelude Inc., promoting their goods or services for sale  (d) where defendants do not have evidence of consent or an established business relationship prior to the sending of the faxes.

49. The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of the class.

50. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

    a. Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

    b. Whether defendants thereby engaged in unfair acts and practices, in violation of the IDCSA.

51. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

52. Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

53. A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants are small because it is not economically feasible to bring individual actions.

54. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

    WHEREFORE, plaintiff requests that the Court enter judgment in favor of

plaintiff and the class and against defendant for:

      a.      Appropriate damages;

      b.      Attorney's fees, litigation expenses and costs of suit;

      c.      Such other or further relief as the Court deems just and proper.

      /s/ Daniel A. Edelman
      Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

                                                  /s/ Daniel A. Edelman
                                                  Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all data and documents relating to the fax transmissions described herein. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/ Daniel A. Edelman
Daniel A. Edelman